IN THE DISTRICT COURT OF LOVE COUNTY,

STATE OF OKLAHOMA

Filed in District Court
Love County, OK

AUG 23 2016

Kim Jackson, Court Clerk
By_____Deputy

DARRELL WALSTON, )
)
Plaintiff, )
)
vs. )   Case No. CJ 2016-31
)
GREAT AMERICAN INSURANCE )
COMPANY, )
)
Defendant. )

## PETITION

COMES NOW the Plaintiff, Darrell Walston, by and through his attorneys of record, Joe E. White, Jr. and Charles C. Weddle III of White & Weddle, P.C., and, for his causes of action against the Defendant, Great American Insurance Company, alleges and states as follows:

1.  Plaintiff Darrell Walston is a citizen of the State of Oklahoma.

2.  Defendant Great American Insurance Company (hereafter "Great American") is an Ohio corporation authorized to do business in the State of Oklahoma, with its principal place of business in Cincinnati, Ohio.

3.  The Defendant regularly conducts business throughout the State of Oklahoma, including Love County. Defendant issues policies, processes claims, and conducts all matters of business in Oklahoma including, but not limited to, Love County.

4.  The matter sued on herein occurred in the State of Oklahoma.

5.  Therefore, Defendant has sufficient contacts with the State of Oklahoma to warrant the exercise of *in personam* jurisdiction by this Court over the Defendant. Pursuant to 12 O.S. §2004(F), this Court has proper subject matter jurisdiction. Pursuant to 12 O.S. §137, venue is proper in Love County.

EXHIBIT 1

6. The amount in controversy herein exceeds the sum of Seventy-Five Thousand Dollars ($75,000.00), exclusive of interest and costs.

## FACTS

7. Plaintiff adopts and incorporates herein paragraphs 1 through 6 above, as if more fully stated out herein, and further alleges and states as follows:

8. That at all material times herein Plaintiff was insured pursuant to a contract(s) of insurance with Defendant that provided, among other things, "Accidental Medical Expense," "Temporary Total Disability," and "Continuous Total Disability" insurance coverage identified as insurance policy number OA9744645-09 ("the Policy"). This contract of insurance was in full force and effect at the time of Plaintiff's loss on August 28, 2015.

9. That on or about August 28, 2015, Plaintiff was involved in a vehicular collision ("Occupational Accident") in the State of Texas, which resulted in severe personal injury ("Occupational Injuries") damages.

10. As a result of the "Occupational Accident" referenced in paragraph number 9 above, the Plaintiff sustained injuries to, among other things, his right knee, left elbow, neck, and back.

11. The Plaintiff timely notified the Defendant of, among other things, his claim for benefits under "the Policy."

12. On or about June 7, 2016, at the request of the Defendant, it received a medical opinion by Dr. Larry Johnson based upon his review of some of the Plaintiff's medical information the Defendant had provided to him.

2

13. Dr. Larry Johnson and the Plaintiff did not have a physician/patient relationship, and Dr. Johnson did not provide any treatment or prescribe any medications to the Plaintiff. Therefore, Dr. Larry Johnson is not one of the Plaintiff's treating physicians.

14. Great American hired Dr. Johnson through an entity known as Independent Medical Evaluations, PC.

15. On or about July 1, 2016, the Defendant advised Plaintiff, among other things, that based on the medical opinion of Dr. Larry Johnson, Plaintiff no longer required "Continuous Care" and was able to return to work relating to his cervical spine "Injury"; therefore, as of July 18, 2016, Great American will no longer pay benefits for injuries sustained "on the August 28, 2015 Occupational Accident," and the Plaintiff was not eligible for "Accidental Medical Expense" for the "allowed condition."

14. In response to Dr. Johnson's opinion, on or about July 18, 2016, the Plaintiff provided the Defendant with the unbiased opinion of Plaintiff's treating physician, Dr. Donald Horton.

15. Upon receipt of Dr. Horton's July 18, 2016, letter, the Defendant extended only the Plaintiff's disability payment of $700.00 a week until such time that Dr. Johnson could review and comment on Dr. Horton's July 18, 2016, medical opinions.

16. On or about August 10, 2016, the Defendant advised Plaintiff, among other things, that based on the unchanged medical opinion of Dr. Larry Johnson dated July 28, 2016, "Great American Insurance is maintaining our position that additional medical treatment is unrelated to the August 28, 2015, **Occupational Accident**. We are suspending Accident Medical Expense and Temporary Disability benefits as of August 22, 2016."

17. That as a result of the August 28, 2015, "Occupational Accident," it is medically necessary for the Plaintiff to undergo neck surgery and incur reasonable and necessary medical expenses related thereto. Upon information and belief, the Plaintiff is suffering additional physical and mental pain and suffering as a result of the Defendant's refusal to pay these medical expenses, which has caused an unnecessary delay in treatment including, but not limited to, permanent physical injury or damage which could have been avoided if he had undergone the surgery earlier.

18. That Plaintiff has made repeated demands that the Defendant not suspend and/or deny benefits owed under "the Policy" previously issued by the Defendant to Plaintiff, and the Defendant refuses to, among other things, investigate, evaluate, and properly pay Plaintiff's claim(s).

19. That as a result of this improper conduct on the part of Defendant, Plaintiff has sustained, among other things, monetary damages, inconvenience, physical discomfort, loss of peace of mind and security, emotional distress, embarrassment, loss of reputation, worry, anxiety, stress, anger, anguish, chagrin, and financial distress.

## FIRST CAUSE OF ACTION

### BREACH OF CONTRACT

20. Plaintiff adopts and incorporates herein paragraphs 1 through 19 above, as if more fully stated out herein, and further alleges and states as follows:

21. When Plaintiff purchased the subject insurance policies, he did not contract to obtain a commercial advantage, but sought to protect himself against the risks of accidental losses and the mental stress that could result from such losses. The Defendant knew that one of the primary reasons why consumers, such as Plaintiff, purchase insurance is the peace of mind

and security that it provides in the event of loss. The Defendant knew that the very risk Plaintiff insured himself against presupposed that when a claim was made for benefits under "the Policy," Plaintiff could possibly be in financial straits or circumstances and, therefore, particularly vulnerable to oppressive tactics on the part of an economically-powerful entity such as Defendant.

22.   That Defendant's relationship with its insured was a fiduciary relationship and/or a special relationship making the laws governing fiduciary relationships applicable. Despite this fiduciary and/or special relationship, the Defendant has refused to honor its prior commitment to pay for damages incurred by Plaintiff by breaching its fiduciary duty by unreasonably and in bad faith engaging in an improper corporate planner scheme to pay less on claims through the use of biased and/or predictable medical opinions.

23.   That Defendant has breached the insurance contract with Plaintiff by failing to pay him for the damages/benefits owed as a result of the August 28, 2015, "Occupational Accident." As a result of Defendant's breach of contract, Plaintiff has incurred damages for, among other things, "Accidental Medical Expense," "Temporary Total Disability," and/or "Continuous Total Disability" benefits owed pursuant to "the Policy."

## SECOND CAUSE OF ACTION

### BAD FAITH

24.   Plaintiff adopts and incorporates herein paragraphs 1 through 23 above, as if more fully stated out herein, and further alleges and states as follows:

25.   Plaintiff's evidence will show that Defendant solicits opinions from non-treating doctors whose opinions the Defendant knows will permit the denial and/or reduction of claims, including, but not limited to, "Occupational Accident" claims. The Defendant returns to these

doctors time and time again on its claims because it knows it can rely on these doctors as a basis to stop paying or paying less than they owe on claims. These doctors include, but are not limit to, Independent Medical Evaluations, PC and Dr. Larry Johnson.

26. Just as Defendant used Independent Medical Evaluations, PC and Dr. Larry Johnson in this case, the Defendant has utilized the services of, among others, Independent Medical Evaluations, PC and Dr. Larry Johnson to deny/reduce benefits owed for "Accidental Medical Expense," "Temporary Total Disability," and "Continuous Total Disability" for other similar claims. Companies and doctors, like Independent Medical Evaluations, PC and Dr. Larry Johnson, offer biased and predictable medical opinions which the Defendant unfairly uses as part of an overall cost-containment program to arbitrarily deny/reduce claim payments to its insureds.

27. The Defendant has created an unreasonable and illegal corporate pattern and practice of improperly reducing the amount paid on claims, such as the Plaintiff's, by relying upon biased and predicable medical opinions as alleged in paragraphs numbered 25 and 26 above, all in an effort to increase its profits without providing any financial benefit to its insureds. The Defendant knew or should have known that that the arbitrary denial and/or reduction of benefits owed by using, among other things, biased and predicable medical opinions violate "the Policy" of insurance and industry custom and practice.

28. The Defendant has violated its duty of good faith and fair dealing by unreasonably and in bad faith by engaging in an improper corporate planner scheme to pay less on claims through the use of biased and/or predictable medical opinions.

29. The Defendant has violated its duty of good faith and fair dealing by unreasonably and in bad faith refusing to pay Plaintiff the proper amount for a valid claim under "the Policy."

30. The Defendant has further violated the duty of good faith and fair dealing by unreasonably failing to perform a proper investigation and by failing to evaluate the results of its investigation properly; that Defendant had no legitimate or reasonable basis to deny benefits owed to the Plaintiff under "the Policy."

31. The Defendant has further violated its duty of good faith and fair dealing by negligently supervising this loss.

32. The Defendant has breached the duty of utmost good faith and fair dealing owed by an insurer to its insured. The Defendant recklessly disregarded its duty to deal fairly and in good faith with its insured. That as a result of Defendant's breach of its duty of good faith and fair dealing, Plaintiff has suffered actual monetary damages and has also suffered inconvenience, physical discomfort, loss of peace of mind and security, emotional distress, embarrassment, worry, anguish, emotional distress, frustration, anger, embarrassment, medical expenses, interest, fees, and financial distress in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00).

33. That based upon Defendant's wanton, willful, and malicious actions, as well as its reckless disregard of its duty to deal fairly and in good faith towards its insured, Plaintiff seeks punitive damages in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00).

34. Finally, Plaintiff alleges Defendant's wanton, willful, malicious, and/or reckless acts are part of a common plan and/or scheme to disregard its duty to deal fairly and in good faith toward its insureds, such as the Plaintiff, when investigating, evaluation, and failing to pay first-party insurance claims.

WHEREFORE, premises considered, Plaintiff Darrell Walston prays for judgment in his favor against the Defendant for (a) actual damages in an amount in excess of Seventy-Five

Thousand Dollars ($75,000.00); (b) punitive damages in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00); (c) Plaintiff's prejudgment interest, costs, and a reasonable attorney fee; and (d) such other relief to which Plaintiff may be entitled.

Respectfully submitted,

*(signature)*

JOE E. WHITE, JR.           OBA #12930
CHARLES C. WEDDLE III   OBA #18869
WHITE & WEDDLE, P.C.
630 N.E. 63rd Street
Oklahoma City, Oklahoma 73105
(405) 858-8899
(405) 858-8844 FAX
joe@whiteandweddle.com
charles@whiteandweddle.com

JURY TRIAL DEMANDED
ATTORNEY LIEN CLAIMED

*Attorneys for Plaintiff,*
*Darrell Walston*